IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-8514
Summary Calendar
_____


ALAN WADE JOHNSON,

                                                    Appellant,

                            versus

EL PASO COUNTY SHERIFF'S DEPARTMENT,
SHERIFF LEO SAMANIEGO, CAPTAIN RAMON
RAMIREZ, LIEUTENANT EDWARD SERVIDER,
and GRIEVANCE OFFICER JOE LOPEZ,

                                                    Appellees.

_____

Appeal from the United States District Court for the
Western District of Texas
(EP 92 CV 44)
_____
( March 20, 1995 )

Before JOLLY, WIENER, and EMILIO M. GARZA, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:[*]

     This case is now pending before us on motion of the appellant

to recall the mandate.  The original opinion in this case was filed

on February 25, 1994.  On March 29, 1994, Johnson filed a petition

for rehearing, arguing that we had misinterpreted the law and that

     [*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the court has determined that this opinion
should not be published.

we had analyzed the wrong protective order.  His petition was denied on November 2.  Johnson filed a motion to recall the mandate on November 25, raising the same errors as his petition for rehearing.  After reviewing his motion, we have found that his arguments merit further consideration. Accordingly, the mandate is recalled, the February 25 opinion is hereby withdrawn, and the following opinion is substituted therefore.

I

On March 3, 1992, Alan Wade Johnson filed suit, pro se, against the El Paso County Sheriff's Department and several of its employees, in their individual and official capacities,[1] under 42 U.S.C. § 1983 alleging the unconstitutional censorship of his incoming mail while he was confined in the El Paso County Detention Facility as a pretrial detainee.  Specifically, Johnson complains that a greeting card and letter were censored and returned to his sister marked "no cards allowed"; that several photographs of his girlfriend in lingerie were returned to his girlfriend marked "photos unacceptable"; that a catalog he had ordered from General Motors was rejected pursuant to a total ban on catalogs; and that he never received any notice when incoming mail was censored and returned.  In response to these complaints, the defendants filed

---

[1] "For purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." Mairena v. Foti, 816 F.2d 1061, 1064 (5th Cir. 1987) (citing Kentucky v. Graham, 473 U.S. 159 (1985) and Brandon v. Holt, 469 U.S. 464 (1985)), cert. denied, 484 U.S. 1005 (1988).

their original answer on March 23 raising the affirmative defenses of absolute and qualified immunity.

Shortly thereafter, during discovery, Johnson served upon Sheriff Leo Samaniego a request for production of documents. Defendant Samaniego complied with Johnson's requests, in part, and objected to the requests, in part. On May 11, 1992, Sheriff Samaniego filed a motion for protective order, requesting the court that he not be required to produce certain parts of the information requested. The magistrate judge granted, in part, and denied, in part, this motion for protective order, and the district court later affirmed the ruling of the magistrate judge.

On July 6, 1992, Johnson filed a motion for the appointment of counsel. The district court denied that motion on July 10. On the same day, the district court sua sponte entered an order (the "Amendment Order") specifying certain legal deficiencies in Johnson's complaint and requiring Johnson to amend his complaint to satisfy the pleading requirements of § 1983 by pleading facts with sufficient particularity to overcome the defendants' immunity defenses. On July 27, 1992, Johnson filed an amended complaint in response to the Amendment Order.

On September 16, 1992, however, the district court found that Johnson's amended complaint also failed to state facts with sufficient particularity to satisfy the pleading requirements of a § 1983 action, and the court dismissed Johnson's action with

prejudice, ("Order of Dismissal"). Judgment was entered in favor of the defendants, and this appeal was filed before this court.

## II

Johnson raises three main issues on appeal. First, he asserts that the district court erred in denying him appointed counsel. Second, Johnson asserts that the trial court erred in allowing the grant of the protective order stating that Sheriff Samaniego did not have to produce certain information. Finally, Johnson contends that the district court erred in dismissing his claim with prejudice on the basis that his pleadings lacked the requisite factual specificity to overcome the defendants' claim of immunity.

As the case comes to us, the primary issue is whether the district court properly dismissed Johnson's first amended complaint for failing to state facts with sufficient particularity to satisfy the pleading requirements of a § 1983 cause of action. We find that the district court erred in determining that Johnson's complaint lacked the requisite factual specificity, but we, nonetheless, affirm the district court, in part, holding that the individual defendants are entitled to qualified immunity from most of Johnson's claims. We reverse the district court, however, in its dismissal of Johnson's remaining claim against the individual defendants and in its dismissal of Johnson's claims against El Paso County, and we remand this case for further proceedings.

In its September 16, 1992, Order of Dismissal, the district court held that Johnson's complaint failed to state facts with

sufficient particularity to satisfy the pleading requirements of a § 1983 cause of action. Accordingly, the district court dismissed Johnson's complaint with prejudice. We find that the district court's reasoning was in error.[2]

First, the United States Supreme Court has now made clear that a heightened pleading standard cannot be required in § 1983 cases with respect to allegations of local government liability. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, ___ U.S. ___, 113 S.Ct. 1160, 1162 (1993) (stating that a local government entity can be immune from liability, but is not immune from suit). Accordingly, with respect to Johnson's claims against the county of El Paso, as a local government entity, we apply the usual pleading requirements of a simple and concise statement of the claim. See Fed. R. Civ. P. 8(a)(2). Under this simple construction, a Rule 12(b)(6) dismissal for failure to state

---

[2]Johnson's complaint alleges several specific, personal injuries that he suffered as a pretrial detainee in the El Paso County Detention Facility. He asserts that his injuries resulted from the manner in which his incoming mail was handled by the defendants. First, Johnson's complaint specifically alleges that his sister mailed him a greeting card and letter. He states that he never received these items, however, because they were censored and returned to his sister marked "no cards allowed." Furthermore, Johnson complains that his girlfriend sent him several photographs of herself in lingerie, but these too were returned to the sender-- these were marked "photos unacceptable." Next, Johnson plead facts to show that on July 3, 1991, a catalog that he had ordered from General Motors was rejected and returned to the sender pursuant to a total ban on catalogs. Finally, Johnson complains that he has been injured because he was unable to find out who had written to him during his detainment because he never received any notice when incoming mail was censored and returned, even though mail was censored and returned on numerous occasions.

a claim upon which relief can be granted should only be granted if it appears to a certainty that Johnson would not be entitled to recover under any state of facts that could be proved in support of his claim. See Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738 (1976); Heaney v. U.S. Veterans Admin., 756 F.2d. 1215, 1217 (5th Cir. 1985). Clearly, under this standard, the district court should not have dismissed Johnson's claims against El Paso County on grounds lack of factual specificity in his complaint. He alleged facts sufficient to support a claim against the county that will withstand the Rule 12(b)(6) motion to dismiss.

With respect to Johnson's § 1983 claims against the individual officers of the El Paso County Sheriff's Department, however, this circuit generally does apply a heightened pleading standard. Elliott v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985).[3] This standard "demands more than bald allegations and conclusionary statements. [The plaintiff] must allege facts specifically focusing on the conduct of [the defendant] which caused his injury." Wicks v. Mississippi State Employment Servs., 41 F.3d 991, 995 (1995). That heightened pleading standard requires that

---

[3]We made clear in Wicks v. Mississippi State Employment Services, 41 F.3d 991, 995 n.11 (5th Cir. 1995), that, notwithstanding Leatherman, we will apply a heightened pleading requirement in cases involving the qualified immunity of individual government officials. Until this issue is decided en banc by the court, see Schultea v. Wood, 27 F.3d 1112 (5th Cir. 1994), reh'g en banc granted (Aug. 26, 1994), Wicks is the law of the circuit which we are bound to follow. This heightened pleading requirement, nonetheless, is not determinative in this case.

"[w]hen government officials are likely to invoke qualified immunity . . . a complaint [should] state factual detail and particularity including why the defendant-official cannot maintain the immunity defense." Colle v. Brazos County, Tex., 981 F.2d 237, 246 (5th Cir. 1993). We find that in the case before us, Johnson's amended pleadings are made with enough factual specificity to survive either a simple or a heightened pleading requirement. Thus, with respect to Johnson's § 1983 claims against the individual officers of the El Paso County Sheriff's Department, we find that the district court erred in dismissing Johnson's complaint for lack of factual specificity.

We do not find it necessary, however, to reverse the district court, in toto. The import of the heightened pleading requirement is to enable the district court judge to determine whether the plaintiff has stated a claim upon which relief can be granted, including the question of whether the plaintiff can overcome the immunity claimed by the defendants. Elliott, 751 F.2d at 1480. Today, we affirm, in substantial part, the district court's dismissal of Johnson's claims against the individual defendants, because even in the light of Johnson's fact specific pleadings, the individual defendants are entitled to immunity from most of Johnson's claims as a matter of law.

As previously noted, Johnson brought this suit against both El Paso County and the officers of the El Paso County Sheriff's Department in their individual capacities. We will first address

Johnson's claims against the county: "[L]ocal government liability under section 1983 is established only where the `execution of a government's policy or custom, whether made by its law makers or by those whose edicts arguably or acts may be fairly said to represent official policy, inflicts the injury.'" Mairena v. Foti, 816 F.2d 1061, 1064 (5th Cir. 1987) (quoting Monell v. Department of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38 (1978)); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989). Otherwise, a local government is said to be immune from liability. Monell, 436 U.S. at 694; 98 S.Ct. at 2037-38; see also Leatherman, ___ U.S. at ___, 113 S.Ct. at 1162.

Johnson's case clearly should not have been dismissed for failure to state a claim against El Paso County. Johnson complains of specific instances in which his incoming mail was censored and returned to the sender, allegedly causing constitutional injury to him. Johnson's complaint also specifically alleges that the action taken with respect to this mail was pursuant to a custom/policy of the Sheriff's Department. In several instances, Johnson quite clearly references and even attaches an Inmate Handbook and an Interoffice Memorandum to support the contention that his mail was rejected pursuant to the policies and customs of the detention center. In other instances, Johnson alleges that he followed the grievance procedures to correct his injury but got no relief from the officials of the facility--people whose edicts arguably could be said to reflect the official policy of the facility.

Johnson further asserts in his complaint that he was injured by his inability to find out who wrote to him during his detainment. He alleges that no method of notification is established in the handbook on incoming mail, and he explains that although given an opportunity, the officials of the facility took no action to correct the problem of notification. El Paso County, therefore, was not entitled to dismissal of Johnson's claims, and, accordingly, we remand this case for the district court to consider more fully Johnson's constitutional claims against El Paso County.[4]

---

[4]The district court should consider on remand whether Johnson's proffered evidence raises any viable constitutional injury under <u>Turner v. Safley</u>, 482 U.S. 78, 107 S.Ct. 2254 (1987). We make no determination as to the merits of Johnson's claims. We would emphasize, however, that the expertise of prison administrators is to be respected by the courts, because prison administration is "a task that has been committed to the responsibility of [the legislative and executive] branches" and "`courts are ill equipped to deal with the increasingly urgent problems of prison administration.'" <u>Id.</u> at 84, 107 S.Ct. at 2259 (quoting <u>Procunier v. Martinez</u>, 416 U.S. 396, 405-06 (1974)). It is, however, the duty of the courts to protect the prisoner's right to have prison regulations concerning incoming mail be "<u>reasonably related</u> to legitimate penological interests." <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 404, 109 S.Ct. 1874, 1877 (1989); <u>Turner</u>, 482 U.S. at 89 (1987).

The Supreme Court in <u>Turner</u> established that several factors must be balanced in order to determine whether a reasonable relationship exists between the questioned policy of mail rejection and a legitimate penological interest. <u>See Thornburgh</u>, 490 U.S. at 414. The factors are: 1) whether the governmental objective underlying the regulation is legitimate and neutral, and whether there is a rational relationship between the governmental objective and the challenged regulation; 2) whether alternative means of exercising the asserted right remain open to prison inmates; 3) whether the accommodation of the asserted right would significantly impact others in the prison, including guards and inmates; and 4) whether there are "ready alternatives" to the challenged regulation, the lack of which is evidence of reasonableness and the existence of which points to unreasonableness although this test is

The claims against the individual defendants, however, require a different analysis. For a defendant pleading qualified immunity to be liable, the defendant official's conduct must have violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818 (1982). In other words, even if it is decided that El Paso, pursuant to its policies and practices, violated Johnson's constitutional rights by rejecting incoming mail in a manner that is not reasonably related to a legitimate penological interest, the individual defendants could not be held personally liable under § 1983 unless Johnson's constitutional rights were "clearly established" at the time these events took place. See Stem v. Ahearn, 908 F.2d 1, 5 (5th Cir. 1990), cert. denied, 498 U.S. 1069, 111 S.Ct. 788 (1991).

In order for a constitutional right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he was doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039 (1987). Applying this standard, we find that the individual defendants in the present case are entitled to immunity from suit on all but one claim made against them by Johnson. As to that single claim, however, we find that Johnson's constitutional rights were sufficiently defined, so that a

_____

not a "least restrictive alternative" test. Turner, 482 U.S. at 89-91, 107 S.Ct. at 2262.

-10-

"reasonable official would understand that what he was [allegedly] doing violates that right." Id.

In 1987, the Supreme Court, in Turner v. Safely[5], clearly established that a prisoner has a right to have prison regulations concerning incoming mail be "reasonably related to legitimate penological interest." See Turner, 482 U.S. at 89, 107 S.Ct. at 2261. In the same case, the Supreme Court developed a multi-factored balancing test that courts must apply to determine whether a reasonable relationship exists between the questioned policy of mail rejection and a legitimate penological interest. See Thornburgh, 490 U.S. at 414. The contours of the Turner test, however, are not "sufficiently clear" for us to hold that in 1991 there was any "general, well-developed legal principle[]" that would cause a reasonable jail official to know that he or she was violating Johnson's constitutional rights by rejecting Johnson's mail as alleged by Johnson in his pleadings. See Jefferson v. Ysleta Indep. Sch. Dist., 817 F.2d 303, 305 (5th Cir. 1987).

In addition to the complaints about the rejection of his mail, however, Johnson also complains about the "lack of notification" available to alert him to such rejections. Johnson asserts in his complaint that he was injured by his inability to find out who wrote to him during his detainment. With respect to this single claim, we hold that the individual defendants are not entitled to

---

[5]482 U.S. 78, 107 S.Ct. 2254 (1987).

immunity from suit. In 1974, the Supreme Court quite clearly established that there must be some "minimum procedural safeguards" to accompany the decision to censor or withhold delivery of a particular letter. Procunier v. Martinez, 416 U.S. 396, 417-18, 94 S.Ct. 1800, 1814 (1974)). In that case, the Supreme Court required

> that an inmate be notified of the rejection of a letter written by or addressed to him, that the author of that letter be given a reasonable opportunity to protest that decision, and that complaints be referred to a prison official other than the person who originally disapproved the correspondence.

Id. (emphasis added). Certainly after Martinez, a "reasonable official would understand that [failing to notify Johnson of the rejection of a letter addressed to him] violates [Johnson's constitutional rights]." See Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039 (1987).

Accordingly, we affirm the district court's dismissal of Johnson's "rejection" claims against the individual defendants on the basis that these individual defendants are entitled to qualified immunity, but we reverse the district court's dismissal of Johnson's "notification" claim against the individual defendants. As previously noted, we also reverse the district court to the extent that it dismissed Johnson's claims against the county of El Paso.[6]

---

[6]Johnson also contends that the district court erred in denying him appointed counsel. A district court has the discretion to appoint counsel, if doing so would advance the proper administration of justice. 28 U.S.C. § 1915; Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982). Generally speaking, however, no

right to counsel exists in a § 1983 case.  <u>Hardwick v. Ault</u>, 517 F.2d 295, 298 (5th Cir. 1975).

"The trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under 42 U.S.C. § 1983 unless the case presents exceptional circumstances." <u>Ulmer</u>, 691 F.2d at 212 (citation omitted); <u>Branch v. Cole</u>, 686 F.2d 264, 266 (5th Cir. 1982); <u>Schack v. Florida</u>, 391 F.2d 593 (5th Cir. 1968), <u>cert. denied</u>, 392 U.S. 916, 88 S.Ct 2080 (1968).  "[T]he existence of such circumstances will turn on the quality of two basic factors -- the type and complexity of the case, and the abilities of the individual bringing it." <u>Branch</u>, 686 F.2d at 266.

We cannot say that this case presents any exceptional circumstances to indicate that the district court abused its discretion in denying Johnson appointed counsel.  Accordingly, we affirm the district court in this ruling.

Johnson also appeals the district court's order affirming the magistrate judge's protective order stating that Sheriff Samaniego did not have to respond to various discovery requests made by Johnson.  It is true that a party generally "may obtain discovery regarding any matter . . . which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(i).  But it is also true that "`[c]ontrol of discovery is committed to the sound discretion of the trial court, and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable.'"  <u>Williamson v. USDA</u>, 815 F.2d 368, 373 (5th Cir. 1987) (quoting <u>Mayo v. Tri-Bell Industries, Inc.</u>, 787 F.2d 1007, 1012 (5th Cir. 1986).

In the present case, on July 20, 1992, the district court affirmed the June 23, 1992, discovery order of the magistrate judge.  Concluding that Johnson requested information that was too broad, irrelevant, and an undue burden on the defendants, the magistrate judge granted the defendants' motion for a protective order as to most of Johnson's forty requests for production of documents.  We think that the district court abused its discretion in excluding substantially all discovery.  As we hold today, Johnson has clearly made a colorable claim relating to policies regarding the rights of prisoners to receive and be made aware of incoming mail.  The district court should, therefore, reconsider its decision so as to allow Johnson a reasonable opportunity to discover information that is relevant to his claims.  Of course, Johnson must not be allowed to abuse the discovery process and place unreasonable, irrelevant, or unnecessarily burdensome discovery demands on the county.  We leave Johnson's specific requests in the capable and fair hands of the district court.

-13-

## III

We thus conclude that the district court erred in dismissing Johnson's claims against El Paso County. Johnson's pleadings were sufficiently fact specific, and the county is entitled to no dismissal in this case on the face of the pleadings. Similarly, the district court erred in dismissing Johnson's "lack of notification" claim against the individual defendants. We affirm the district court, however, with respect to its dismissal of Johnson's other claims against the individual defendants, because even though Johnson's pleadings were fact specific, he has no sustainable claim that the individuals violated a clearly established constitutional right. With respect to those particular claims, therefore, the individual defendants are immune from suit as a matter of law. We further affirm the district court in its denial of appointed counsel. We, however, reverse the district court's discovery order of July 24, 1992, which affirmed the magistrate judge's protective order of June 23, 1992, concerning the forty requests for document production, and we remand Johnson's discovery requests for consideration in the light of this opinion. The judgment of the district court is hereby

AFFIRMED in part and REVERSED and REMANDED in part.